# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| BMO BANK N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:24-cv-00142 |
| v. | ) | |
| | ) | Chief Judge William L. Campbell, Jr. |
| NOBLE TRANSPORTATION LLC, | ) | Magistrate Judge Barbara D. Holmes |
| | ) | |
| Defendant. | ) | |

---

## ORDER DENYING REQUEST FOR CLERK'S ENTRY OF DEFAULT

---

Pending is Plaintiff's Request for Clerk's Entry of Default against Defendant Noble Transportation LLC pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 11). For the following reasons, Plaintiff's Request is **DENIED** without prejudice.

Plaintiff filed its original complaint on February 6, 2024. (Doc. No. 1). Summons was issued as to Noble Transportation LLC, c/o Registered Agent Darek Paul, 2930 Leipers Fork Trail, Murfreesboro, TN 37128. (Doc. No. 6). On February 14, 2024, Plaintiff returned the Summons along with a Proof of Service declaration executed by process server, Marcus Lucas II. (Doc. No. 9). In the Proof of Service declaration, Lucas declares that he "served the summons on Alicia Paul / Co-owner Reg Agent, who is designated by law to accept service of process on behalf of Noble Transportation LLC on 2/13/24 at 4:43 PM." (Doc. No. 9 at PageID # 42). Plaintiff also submitted an Affidavit of Service executed by Marcus stating, in relevant part, "ML served Derek Paul via Alicia Paul (wife who is also a co-owner and reg agent)." (Doc. No. 9 at PageID # 43) On March 27, 2024, Plaintiff filed the pending Request for Clerk's Entry of Default. (Doc. No. 11).

1

Pursuant to Local Rule 55.01, motions for entry of default as to legal entities under Fed. R. Civ. P. 55(a) "must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, (i) proof of service and (ii) the opposing party's failure to plead or otherwise defend." L.R. 55.01. In support of the motion, Plaintiff submitted the Affidavit of Ryan Burgett. (Doc. No. 11-1).

The Clerk finds that Plaintiff has not yet met its burden to verify proof of service upon defendant Noble Transportation LLC pursuant to Local Rule 55.01(i).

A limited liability company within this Judicial District may be served by delivering a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment of law to receive serve of process." Fed. R. Civ. P. 4(h)(1)(B). It may also be served in the manner prescribed by the Tennessee Rules of Civil Procedure. Fed. R. Civ. P. 4(h)(1)(A) and 4(e)(1). When serving a limited liability company pursuant to Tennessee law, a plaintiff must deliver "a copy of the summons and of the complaint to a partner or managing agent of the partnership or to an officer or managing agent of association, or to an agent authorized by appointment or by law to receive service on behalf of the partnership or association." Tenn. R. Civ. P. 4.04(3).

In this case, Plaintiff did not personally serve Darek Paul, who is identified in Tennessee Secretary of State Records as the registered agent for service of process for Noble Transportation LLC.[1] Instead, Plaintiff served Paul's wife, Alicia Paul. Although the Lucas Declaration identifies Alicia Paul as a co-owner of Noble Transportation, LLC, which might qualify her as a person authorized to accept service of process, the Tennessee Secretary of State information indicates that the Noble Transportation LLC has only one member. *Id.* As a result, Plaintiff has provided

---

[1]
https://tnbear.tn.gov/Ecommerce/FilingDetail.aspx?CN=24009821315024624704800006301409 8250180100133122 (last accessed May 21, 2024).

insufficient information, at this time, to establish that Alicia Paul is an individual authorized to accept service of process on behalf of the limited liability company.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). In this case, the Clerk finds that Plaintiff has not provided information sufficient to verify proof of service upon Noble Transportation LLC as required by Local Rule 55.01(i). Of course, "[f]ailure to prove service does not affect the validity of service." Fed. R. Civ. P. 4(l)(3). Accordingly, Plaintiff's Request for Clerk's Entry of Default (Doc. No. 11) is **DENIED** without prejudice to refiling with information sufficient to establish that Alicia Paul is the owner or someone authorized to accept service of process on behalf of Noble Transportation LLC.


s/ Lynda M. Hill
Lynda M. Hill
Clerk of Court