# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BMO BANK N.A., ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:24-cv-00142 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| NOBLE TRANSPORTATION LLC, ) | MAGISTRATE JUDGE HOLMES |
| ) | |
| Defendant. ) | |

## ORDER

Pending before the Court is the Magistrate Judge's Report and Recommendation. (Doc. No. 22). In the Report and Recommendation, the Magistrate Judge recommends that Plaintiff's motion for default judgment (Doc. No. 19) be granted in part. Plaintiff filed objections (Doc. No. 23). For the reasons discussed below, the Magistrate Judge's Report and Recommendation is **ADOPTED** and **APPROVED** in part.

### I. STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1) and Local Rule 72.02, a district court reviews *de novo* any portion of a report and recommendation to which a specific objection is made. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). General or conclusory objections are insufficient. *See Zimmerman v. Cason*, 354 F. Appx. 228, 230 (6th Cir. 2009). Thus, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Id*. (quoting *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987)). In conducting the review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## II. ANALYSIS

**A.  Background**

In August 2022, the parties entered into a loan and security agreement wherein Plaintiff provided financing to Defendant for Defendant's purchase of a 2023 Peterbilt 389-Series vehicle with VIN: 1XPXD49X2PD887757 (the "Collateral") and Defendant agreed to repay the financed amount (the "Agreement"). (Doc. No. 1 ¶¶ 9, 10). In December 2023, Defendant defaulted on its payment obligations under the Agreement. (*Id.* ¶ 15). Plaintiff accelerated the principal amount of $186,579.99 due under the Agreement. (*Id.* ¶ 16). Plaintiff notified Defendant of its decision to accelerate the balance due under the Agreement and demanded possession of the Collateral. (*Id.* ¶ 18). The Agreement requires Defendant to pay interest on all unpaid amounts due under the Agreement at the rate of 1½ percent per month. (*Id.* ¶ 19). Plaintiff alleges that Defendant failed to pay the amount due under the Agreement or to return possession of the Collateral to Plaintiff. (*Id.* ¶¶ 26, 27).

Plaintiff filed this lawsuit on February 6, 2024, asserting claims for injunctive relief, breach of contract, and a writ of possession of the Collateral. Defendant failed to plead or otherwise defend this lawsuit, and Plaintiff filed a motion for entry of default on July 3, 2024, which the Court granted on September 12, 2024. (*See* Doc. Nos. 17, 18).

Plaintiff filed the pending motion for default judgment on October 4, 2024. (Doc. No. 19). Plaintiff seeks entry of a default judgment against Defendant in the amount of $188,310.90, which Plaintiff states is the amount due under the Agreement as of December 27, 2023, in addition to interest accruing in the amount of $93.29 *per diem* from December 27, 2023 until the date of final judgment. Plaintiff also seeks post-judgment interest and reasonable attorneys' fees, an order of possession of the Collateral, and injunctive relief enjoining Defendant from using the Collateral, ordering Defendant to disclose the location of the Collateral to Plaintiff, and ordering Defendant to surrender the collateral to

Plaintiff. In support of its motion, Plaintiff filed the declaration of Debb White, which provides additional detail regarding Defendant's alleged default under the Agreement and the amount owed by Defendant. (Doc. No. 20-1).

**B.   The Magistrate Judge's Report and Recommendation**

1. Writ of Possession

The Magistrate Judge determined that Plaintiff is entitled to a writ of possession with respect to the Collateral under Tenn. Code Ann. § 29-30-106. The Magistrate Judge also determined that the writ of possession "shall direct the United States Marshal Service to place Plaintiff in possession of the above-described collateral" and "[t]he United States Marshal Service shall also summon Defendant to appear and answer the writ within thirty (30) days." (Doc. No. 22 at 9).

Neither party objects to the Magistrate Judge's finding as to the writ of possession. Accordingly, the portion of the Report and Recommendation granting Plaintiff a writ of possession for the Collateral under Tenn. Code Ann. § 29-30-106 is adopted and approved.

2. Attorney's Fees and Expenses

The Magistrate Judge determined that Plaintiff is entitled to reasonable attorneys' fees in an amount to be determined. The Magistrate Judge also recommended an extension of time of 120 days from the date of entry of final judgment for Plaintiff to file a motion for attorneys' fees and expenses.

Neither party objects to the Magistrate Judge's finding as to attorneys' fees and expenses. Accordingly, the portion of the Report and Recommendation awarding Plaintiff its reasonable attorneys' fees and expenses and extending the deadline for Plaintiff to file a motion for attorneys' fees to 120 days from entry of this Order is adopted and approved.

3. <u>Injunctive Relief Claim</u>

Plaintiff seeks injunctive relief enjoining Defendant from using the Collateral, ordering Defendant to disclose the location of the Collateral to Plaintiff, and ordering Defendant to surrender the collateral to Plaintiff.

"Injunctive relief is 'a drastic and extraordinary remedy, which should not be granted as a matter of course.' *Monsanto Co. v. Geertson Seed Farms,* 561 U.S. 139, 130 S.Ct. 2743, 2761, 177 L.Ed.2d 461 (2010). "Courts grant permanent injunctions only when: (1) a plaintiff suffers irreparable injury, (2) an inadequate remedy exists at law, (3) the injunction is warranted in light of the 'balance of hardships' between the parties, and (4) the public interest would not be disserved by a permanent injunction." *Curtis v. Alcoa, Inc.*, 525 F. App'x 371, 380 (6th Cir. 2013) (internal citation omitted).

The Magistrate Judge determined that Plaintiff's injunctive relief claim should be denied because Plaintiff failed to adequately allege that it will suffer irreparable injury in the absence of the requested injunction.

Plaintiff filed an objection to the Magistrate Judge's determination regarding the injunctive relief claim. (Doc. No. 23). Plaintiff contends that its damages are not addressed solely by the compensatory damages award because "[t]he Magistrate Judge's conclusion that 'Plaintiff will be compensated with monetary damages' assumes that Defendants can pay money damages" and that Defendant has failed to make any payment pursuant to the Agreement since December 1, 2023, or respond to Plaintiff's payment demands. (Doc. No. 23 at 3). Plaintiff argues that Defendant's anticipated inability to satisfy a money judgment renders monetary damages alone "not an adequate remedy at law." *Id.* Plaintiff also argues that an order for possession of the Collateral is an ineffective remedy due to the mobile nature of the Collateral and because Plaintiff does not know the location of the Collateral. (Doc. No. 23 at 4). Plaintiff

also contends that without an injunction, Defendant can relocate the Collateral beyond this Court's jurisdiction and Plaintiff would have to obtain replevin orders through multiple courts.

The Court finds that the judgment for possession and damages has the same effect as injunctive relief and Plaintiff has failed to demonstrate that it will suffer irreparable injury absent an injunction. Because the Magistrate Judge did not err with regard to the injunctive relief claim, Plaintiff's objection is overruled.

4. Plaintiff's Breach of Contract Claim and Money Damages

Plaintiff seeks default judgment against Defendant in the amount of $188,310.90, which Plaintiff states is the amount due under the Agreement as of December 27, 2023, in addition to interest accruing in the amount of $93.29 *per diem* from December 27, 2023 until the date of final judgment.

"In a diversity action, state law governs the parties' claims…'Choice-of-law analysis in a diversity action is governed by the law of the state where the federal court sits.'" *First Fid. Capital Mkts., Inc. v. Reliant Bank*, No. 3:17-cv-01080, 2020 WL 514577, at *5-6 (M.D. Tenn. Jan. 31, 2020) (internal citations omitted). "Tennessee law follows the rule of *lex loci contractus*, which provides that a contract is presumed to be governed by the law of the jurisdiction in which it was executed, absent a contrary intent… If the parties manifest an intent to instead be governed by the law of a different jurisdiction, Tennessee courts will honor that choice so long as the choice of law provision is executed in good faith and the jurisdiction whose law is chosen bears a material connection to the transaction… In addition, the basis for the choice of another jurisdiction's law must be reasonable and not merely a sham or subterfuge, and must not be contrary to a fundamental policy of a state having a materially greater interest and whose law would otherwise govern." *Id.* (internal citations omitted).

Moreover, "[p]rejudgment interest is a substantive aspect of damages in a diversity case and is thus properly viewed as a matter of state law." *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*,

750 F.3d 573, 583-84 (6th Cir. 2014); *see also Versatile Helicopters v. City of Columbus*, No. 2:10-CV-1110, 2014 WL 656460, at *2 (S.D. Ohio Feb. 19, 2014) ("In *Jack Henry & Associates, Inc. v. BSC, Inc.*, 487 F. App'x 246 (6th Cir. 2012), the court of appeals addressed a trial court's award of prejudgment interest on a breach of contract claim brought under Missouri law. The trial court had also applied Missouri law to determine the prejudgment interest, despite the forum state being Kentucky…The court of appeals concluded that 'courts look to the law of the state that governs the cause of action when assessing prejudgment interest.' *Id*. at 258. The Sixth Circuit described the underlying rationale as 'sensible': 'the parties agreed to be bound by Missouri law, and it would be strange indeed to carve out the issue of prejudgment interest and apply Kentucky law while Missouri law governs the rest of the case.' *Id*. Accordingly, it is not the law of the forum state that governs any award of prejudgment interest here, but the law of the state that governs the claim for relief involved.").

Here, the Agreement provides that in the event of default and acceleration of the amount due, a default interest rate of 1½ percent per month, or 18% per year, applies. (Doc. No. 1-1 at PageID # 14). The Magistrate Judge determined that Tennessee law applies to the default interest rate and that "[u]nder Tennessee law, '[p]re-judgment interest . . . may be awarded by courts or juries in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum.' Tenn. Code Ann. § 47-14-123." (Doc. No. 22 at 11).

Plaintiff filed an objection on the grounds that the parties contractually agreed to a default interest rate of 1½ per month, or 18% per year, and that the Agreement states that Illinois law governs. Plaintiff further argues that under Illinois law, it is permitted to recover default interest at the rate in the Agreement in the amount of 18% per year.

Here, the Agreement includes a choice of law provision applying Illinois law to transactions contemplated by the Agreement. (Doc. No. 1-1 at 5). It appears that the parties entered into the

Agreement in good faith. The Complaint alleges that Plaintiff's main office is located in Illinois, which is sufficient to demonstrate that the basis for the choice of law provision applying Illinois law is "reasonable and not merely a sham or subterfuge." Moreover, there is no showing that application of Illinois law is contrary to public policy. Accordingly, the choice-of-law provision in the Agreement is enforceable and Illinois law applies to the Agreement.

Under Illinois law, "[i]n order to establish a claim for breach of contract, 'a plaintiff must allege and prove the following elements: '(1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff.'" *Empress Casino Joliet Corp. v. Averus, Inc.*, 2020 IL App (1st) 192071, ¶ 38, 189 N.E.3d 68, 79 (internal citations omitted).

Moreover, the Illinois Interest Act provides that "[i]t is lawful to charge, contract for, and receive any rate or amount of interest or compensation with respect to . . . [a]ny loan made to a corporation." *PSB Partners, LLC v. F. Kenneth Bailey, Jr., P.C.*, No. 17 C 4180, 2019 WL 11553734, at *17 (N.D. Ill. Mar. 7, 2019) (citing 815 Ill. Comp. Stat. 205/4(1)(a) (holding that the Illinois Interest Act "'allows lenders to charge any rate of interest and any other compensation'…The term 'other compensation' has been broadly interpreted…[which] makes sense because 'a corporation 'has the power to borrow money for its corporate purposes at such rates of interest as the corporation may determine…Consequently, the usury statute does not limit the interest that a corporation may contract to pay on a transaction.'" *Id.* at *17 (internal citations omitted); *see also Asset Exch. II, LLC v. First Choice Bank*, 2011 IL App (1st) 103718, ¶ 21, 953 N.E.2d 446, 451, *as modified on denial of reh'g* (Aug. 23, 2011) ("[T]he Illinois Interest Act excludes from its coverage loans to corporations…*Computer Sales Corp. v. Rousonelos Farms, Inc.*, 190 Ill. App. 3d 388, 392, 546 N.E.2d 761, 137 Ill. Dec. 816 (1989) (noting that the general usury provision of the Illinois Interest Act does not apply to transactions with corporations); *Jones &*

7

*Brown, Inc. v. W.E. Erickson Construction Co.*, 73 Ill. App. 3d 481, 483, 391 N.E.2d 1097, 29 Ill. Dec. 414 (1979) ('[T]he defense of usury is a personal one and not available to a [corporation].') There is no dispute here that plaintiff is a corporation within the meaning of the Illinois Interest Act, and thus the Act does not apply to plaintiff's loan agreement with the Bank.").

Here, the Court finds that Defendant is a "corporation" within the meaning of the Illinois Interest Act. *Hubbard St. Lofts LLC v. Inland Bank*, 2011 IL App (1st) 102640, 963 N.E.2d 262, 264. Accordingly, the interest rate agreed to by the parties in the Agreement in the amount of 18% per annum is permitted under Illinois law.

Judgment in favor of Plaintiff is appropriate in the total amount of $188,310.90, which includes the unpaid principal in the amount of $186,579.99, late fees in the amount of $388.34, the cost of credit in the amount of $876.12, and interest at the default interest rate of 18% from December 22, 2023 to December 27, 2023 in the amount of $466.45. Plaintiff is also entitled to interest in the amount of $93.29 *per diem* from December 27, 2023 until the date of final judgment. (*See* Doc. Nos. 1, 1-1, 20-1).

### III. CONCLUSION

For the reasons set forth above, the Report and Recommendation is **ADOPTED** and **APPROVED** with the following modifications concerning the calculation of interest as stated *supra* in II.B.4. Accordingly, Plaintiff's motion for default judgment (Doc. No. 19) is **GRANTED** in part and **DENIED** in part and the Court **ORDERS** as follows:

1. Judgment is entered against Defendant in favor of Plaintiff for:

    a. compensatory damages in the amount of the unpaid principal of the agreement as of the December 1, 2023 default date of $186,579.99, plus late charges of $388.34;

    b. cost of credit from December 1, 2023 to December 22, 2023 in the amount of $876.12;

c. interest at the default interest rate of 18% from December 22, 2023 to December 27, 2023 in the amount of $466.45;

d. interest in the amount of $93.29 *per diem* from December 27, 2023, until the date of final judgment;

e. post-judgment interest accruing at a rate to be computed in accordance with 28 U.S.C. § 1961(b); and

f. attorneys' fees and expenses in an amount to be determined upon motion by Plaintiff to be filed within 120 days from the date of entry of final judgment, unless otherwise extended, and in accordance with Local Rule 54.01 (as currently in effect);

2. A writ of possession pursuant to Tenn. Code Ann. § 29-30-106 in favor of Plaintiff as to the Collateral described in the agreement as the 2023 Peterbilt 389-Series truck with VIN 1XPXD49X2PD887757. The writ of possession shall direct the United States Marshal Service to place Plaintiff in possession of the Collateral. The United States Marshal Service shall summon Defendant to appear and answer the writ within thirty (30) days

3. Plaintiff is required to submit a proposed writ of possession as detailed above; and

4. This Order constitutes final judgment for purposes of Federal Rule of Civil Procedure 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE